IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HILL COUNTRY INDUSTRIES, INC., | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00404-FB |
| vs. | § § § | |
| PLANET WEALTH INTERNATIONAL CORP, | § § § § | |
| *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion to Dismiss All Claims for Want of Prosecution [#27]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#12]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **GRANTED** and this case be **DISMISSED** for want of prosecution.

## I.  Background

Plaintiff Hill County Industries, Inc., a corporate entity, filed this action against Planet Wealth International Corp. on April 17, 2019, alleging that Defendant breached the parties' joint venture agreement by failing to provide the funding it promised to allow the parties to develop an oil and gas field. After Defendant answered and a Scheduling Order was entered in this case, Plaintiff's attorneys moved to withdraw as counsel of record over irreconcilable differences of opinion as to the attorney/client relationship. After ordering counsel to provide notice to Plaintiff of the risks of proceeding *pro se* as a corporation and the need to secure substitute

1

counsel, the Court permitted counsel to withdraw.  The Court then issued an order again explaining to Plaintiff that corporations cannot proceed in federal court without representation by counsel and ordering Plaintiff to hire a new attorney by April 27, 2020 or face dismissal of this lawsuit for want of prosecution.  *See Sw. Express Co., Inc. v. Interstate Commerce Comm'n,* 670 F.2d 53, 55 (5th Cir. 1982).  The record reflects that Plaintiff has failed to retain new counsel as ordered by the Court, and Defendant asks the Court to dismiss this case for want of prosecution.

It is well-settled that a corporation may not appear in federal court unless represented by an attorney.  *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam). Although individuals have the right to proceed *pro se* in federal court proceedings pursuant to 28 U.S.C. § 1654, the law is clear that corporations are fictional legal persons who can only be represented by licensed counsel.  *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant.  *See Memon*, 385 F.3d at 873–74.  Accordingly, the undersigned will recommend that Defendant's motion to dismiss be granted and Plaintiff's claims be dismissed for failure to obtain replacement counsel to represent it in this action.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that Defendant's Motion to Dismiss [#27] be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of June, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

3